**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KATISHA DONALD,**

    **Plaintiff,**

**v.**                                           **Case No.**

**THE COCA-COLA COMPANY,**

    **Defendant.**

                                           /

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, **KATISHA DONALD** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **THE COCA-COLA COMPANY** ("Defendant") and alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This is an action for damages in excess of $30,000.00, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C § 2000e et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Polk County which lies within the Middle District of Florida.

**PARTIES**

4. Plaintiff is a resident of Polk County, Florida.

5. Defendant is a total beverage company, offering over 500 brands in more than 200 countries and territories.

6. Defendant is authorized and doing business in Polk County, Florida.

**GENERAL ALLEGATIONS**

7. Plaintiff has satisfied all conditions precedent.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

11. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and FCRA.

**FACTS**

12. Plaintiff is an African American female, thus making her a member of a protected class based on her race and sex.

13. Plaintiff worked for Defendant as a PLE Operator in Auburndale, FL from in or around June of 2016 until her unlawful termination on or about August 30, 2019.

14. Plaintiff was a qualified and an exemplary employee while employed with Defendant.

15. During her tenure, Plaintiff performed her duties satisfactorily with respect to her position compared to her colleagues.

16. Plaintiff was never disciplined for any work performance related incidents.

17. Despite Plaintiff's satisfactory performance, Defendant subjected Plaintiff to disparate treatment, severe and pervasive sexual harassment, and retaliation during her employment with Defendant based on her race and gender.

18. Specifically, Plaintiff was on the receiving end of sexually charged innuendos, comments from her white male colleagues, including but not limited to, her direct Supervisor.

19. For example, David l/n/u, another PLE Operator employed by Defendant would constantly subject Plaintiff to degrading and demeaning sexual innuendos in the workplace along with racial slurs.

20. Plaintiff immediately reported David's unwelcome sexual harassment and disparate treatment to her Line Lead / First Line Supervisor, James l/n/u.

21. Plaintiff's complaint made it in front of Department Head, Chris Timmerman.

22. However, her complaints were summarily dismissed, and no remedial action was taken.

23. Defendant took no action to protect Plaintiff from a hostile work environment and halt the illegal behavior of its employees.

24. In fact, not only did the unwelcome sexual harassment continue, it was now coming from her own Supervisor, James whom she had previously reported David's harassment.

25. James, likely emboldened by Defendant's failures to halt any sexual harassment in the workplace, decided to subject Plaintiff to sexual harassment himself.

26. James would approach Plaintiff daily and strike up conversations about his marriage and personal relationships.

27. James constantly would stand over Plaintiff at work and obsess over her.

28. James constantly begged Plaintiff for sex. Even telling her to come to his car after work, he wants to "bend her over."

29. James aroused himself at work while trying to get Plaintiff to come to his car after her shift then sent a picture of his erect penis to her in the work parking lot.

30. Plaintiff was disgusted and appalled by his unwelcome sexual harassment and reported James.

31. On or about July 23, 2019, Plaintiff again reported this sexual harassment to one of Defendant's Supervisor, and made a complaint to Human Resources.

32. Amazingly, Plaintiff was immediately suspended by Defendant as a result of her now, second formal complaint of sexual harassment by her white male Supervisor.

33. Plaintiff complained of the disparate treatment she was being subjected as a result of her complaints.

34. Defendant again ignored Plaintiff's complaints.

35. Defendant failed to follow its own progressive discipline policy and terminate Plaintiff for alleged offenses that other similarly situated white males were not terminated.

36. Defendant subjected Plaintiff to a hostile work environment, racial discrimination, and retaliated against her for engaging complaining of the sexual harassment and discrimination she had suffered in the workplace.

37. Defendant took adverse employment action against Plaintiff for engaging in protected activity under the FCRA and Title VII by terminating her employment.

38. Defendant's reason for termination is pretext.

39. Defendant's action were willful and done with a reckless disregard for Plaintiff's rights under the FCRA and Title VII.

## COUNT I —TITLE VII VIOLATION
### (RACE DISCRIMINATION)

40.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.     Plaintiff is a member of a protected class under Title VII.

42.     Plaintiff was subjected to disparate treatment on the basis of her race; specifically, because she was an African-American.

43.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

44.     Defendant's actions were willful and done with malice.

45.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II —TITLE VII VIOLATION
### (SEX DISCRIMINATION/SEXUAL HARASSMENT)

46.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

47.    Plaintiff is a member of a protected class under Title VII.

48.    Plaintiff was subjected to disparate treatment and sexual harassment on the basis of her sex and was subject to a hostile work environment.

49.    Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

50.    Defendant's actions were willful and done with malice.

51.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(k) A jury trial on all issues so triable;

(l)  That process issues and that this Court take jurisdiction over the case;

(m)An injunction restraining continued violation of law enumerated herein;

(n) Compensation for lost wages, benefits, and other remuneration;

(o) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(p) Compensatory damages, including emotional distress, allowable at law;

(q) Punitive damages;

(r)  Prejudgment interest on all monetary recovery obtained;

(s)  All costs and attorney's fees incurred in prosecuting these claims; and

(t)  For such further relief as the Court deems just and equitable.

## COUNT III — TITLE VII RETALIATION

52.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

53.     Plaintiff is a member of a protected class under Title VII.

54.     Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

55.     Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

56.     Defendant has taken material adverse action against Plaintiff.

57.     Defendant's actions were willful and done with malice.

58.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under Title VII;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION (RACE DISCRIMINATION)

59. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 39 of this Complaint as though fully set forth herein.

60. Plaintiff is a member of a protected class under the FCRA.

61. Plaintiff was subjected to disparate treatment on account of her race; specifically, because she was an African-American.

62. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

63. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d)     Award liquidated damages to Plaintiff;

(e)     Award reasonable attorney's fees and costs to Plaintiff; and

(f)     Additional relief to which Plaintiff is entitled, including equitable relief.

## <u>COUNT V —FCRA VIOLATION</u>
### (SEX DISCRIMINATION/SEXUAL HARASSMENT)

64.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

65.     Plaintiff is a member of a protected class under FCRA.

66.     Plaintiff was subjected to disparate treatment and sexual harassment on the basis of her sex and was subject to a hostile work environment.

67.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

68.     Defendant's actions were willful and done with malice.

69.     Plaintiff was injured due to Defendant's violations of FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

70. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 39 of this Complaint as though fully set forth herein.

71. Plaintiff is a member of a protected class under the FCRA

72. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

73. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

74. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f)    Additional relief to which Plaintiff is entitled, including equitable relief.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

Dated this 11th day of January 2021.

Respectfully submitted,

CHAD A. JUSTICE
Florida Bar Number: 121559
**JUSTICE FOR JUSTICE LLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorney for Plaintiff**